UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMONA ESPARZA, | ) Case No. 4:09-cv-03891-SBA |
| | ) |
| Plaintiffs, | ) **ORDER GRANTING FEDERAL** |
| | ) **DEPOSIT INSURANCE** |
| vs. | ) **CORPORATION'S REQUEST TO** |
| | ) **SUBSTITUTE IN AS RECEIVER FOR** |
| INDYMAC BANK, F.S.B., A | ) **INDYMAC BANK, F.S.B.** |
| FEDERALLY CHARTERED SAVINGS | ) |
| BANK, and DOES 1 through10, Inclusive, | ) Date:  07/27/2010 |
| | ) Time:  1:00 p.m. |
| Defendants. | ) Location:  Courtroom 1, 4th Floor |
| | ) |
| | ) Complaint Filed: 08/24/09 |
| | ) Trial Date:  None |
| | ) |

This matter is before the Court on the Federal Deposit Insurance Corporation's (as receiver for IndyMac Bank, F.S.B.) (hereinafter "FDIC") motion for an order substituting the FDIC for defendant IndyMac Bank, F.S.B. ("IndyMac") pursuant to Fed. R. Civ. P. Rule 25(c). Plaintiff Ramona Esparza ("plaintiff") did not file an opposition to the FDIC's motion.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the FDIC's Motion to Substitute. The Court, in its discretion, finds this matter suitable for resolution without oral argument.  *See* Fed. R. Civ. P. 78(b).

## I.     BACKGROUND

**A.     Plaintiff's Complaint.**

On August 24, 2009, plaintiff filed a Complaint against defendants IndyMac and DOES 1 through 10, asserting causes of action pursuant to California Civil Code Sections 2923.6, 1788.17, and 1572 based upon the "unlawful unfair collection practices arising out of the financing of their [sic] personal residence" located at 4898 Snowy Egret Way, Oakley, California 94561 (the "property").  *See* (Docket Entry No. 1, plaintiff's Complaint at ¶¶ 1, 15 and 63-92).

1   In addition, plaintiff seeks injunctive and declaratory relief and cancellation of a deed of trust

2   previously executed by plaintiff.  *See id.* at ¶¶ 94-108.  Plaintiff has asserted diversity

3   jurisdiction pursuant to 28 U.S.C. § 1332 and alleges "damages in excess of more than

4   $78,000.00."  *See id.* at ¶¶ 11-14.  Plaintiff seeks unspecified damages against defendants,

5   declaratory and injunctive relief, and cancellation of a deed of trust, punitive damages, costs and

6   attorney's fees.  *See id.* at pages 15-16, ¶¶ 1-8.

7   **B.      Appointment Of The FDIC As Receiver for IndyMac.**

8          On July 11, 2008, the Office of Thrift Supervision ("OTS") closed IndyMac and

9   appointed the FDIC as the failed bank's Receiver pursuant to 12 U.S.C. § 1821(c)(2)(A) of the

10  Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub. L. No. 101-73, 103

11  Stat. 183 (1989) ("FIRREA").  On the same day, the OTS authorized the creation of a new

12  institution, IndyMac Federal Bank, F.S.B. ("IndyMac Federal"), and appointed the FDIC as

13  Conservator ("FDIC-Conservator") for IndyMac Federal.  Following this appointment, the

14  majority of IndyMac's assets and deposit liabilities were transferred to the FDIC-Conservator.

15  On March 19, 2009, the OTS closed IndyMac Federal and appointed the FDIC as receiver for

16  IndyMac Federal.

17              **II.      DISCUSSION**

18  **A.      The FDIC As Receiver Is The True Party In Interest for Defendant IndyMac.**

19          Title 12 of the United States Code, Section 1821(d)(2)(A)(i) provides that the FDIC, as

20  conservator or receiver of an insured depository institution like IndyMac or IndyMac Federal,

21  "shall . . . and by operation of law, succeed to all rights, titles, powers, and privileges of the

22  insured depository institution . . . with respect to the institution and the assets of the institution . .

23  . ."  *See* 12 U.S.C. § 1821(d)(2)(A)(i).  An "insured depository institution" is any bank or savings

24  association whose deposits are insured by the FDIC.  *See* 12 U.S.C. § 1813(c)(2).  When the

25  FDIC is appointed as a conservator or receiver of a failed institution, it succeeds to all of the

26  rights, title, and interests to the books, records, and assets of the failed institution" and may "take

27  over the assets of and operate" the failed institution with all the powers thereof.  *See* 12 U.S.C.

28  §§ 1821(d)(2)(A)(ii) and 1821(d)(2)(B)(i); *see also In re Community Bank of Northern Virginia*,

1   418 F.3d 277, 293 n.6 (3rd Cir. 2005) (noting that "FDC succeeded to all 'rights, titles, powers,

2   and privileges of . . . insured depository institution'" and was ordered substituted "as the true

3   party in interest");

4          Here, the Court finds that when the OTS appointed the FDIC as receiver for IndyMac on

5   July 11, 2008, the FDIC succeeded to all rights, title, interests, and powers and privileges of

6   IndyMac, and therefore was entitled to "take over the assets of and operate" IndyMac with all the

7   powers thereof.  *See* 12 U.S.C. § 1821(d)(2)(A)(i) and (ii).  Thus, the appointment placed the

8   FDIC in the shoes of IndyMac in performing all functions previously attributable to the

9   institution, including defending against plaintiffs' action.  *See id.*; *see also Tosco Corp. v.*

10  *Federal Deposit Ins. Corp.*, 723 F.2d 1242, 1247 (6th Cir. 1983) (finding that upon substitution,

11  FDIC as receiver for failed Bank "stands in the shoes" of the Bank); *Amerifirst Properties, Inc.*

12  *v. FDIC*, 880 F.2d 821, 823 n.2 (5th Cir. 1989) (following appointment of FDIC as receiver for

13  insolvent bank, FDIC substituted in action for bank "as the real party in interest").

14  **B.     Substitution Is Appropriate Pursuant To Fed. R. Civ. P. 25(c).**

15         Rule 25(c) allows a court to substitute a party upon a transfer of interest.  Specifically,

16  Rule 25(c) provides: "[i]f an interest is transferred, the action may be continued by or against the

17  original party unless the court, on motion, orders the transferee to be substituted in the action or

18  joined with the original party."  *See* Fed. R. Civ. P. 25(c); *Educational Credit Management*

19  *Corp. v. Bernal (In re Bernal)*, 207 F.3d 595, 598 (9th Cir. 2000) (stating that Rule 25(c) allows

20  an action to continue unabated when an interest in the lawsuit changes hands).  The decision to

21  grant or deny substitution under Rule 25(c) rests with the sound discretion of the court.  *See id.*

22         Here, the Court finds that a transfer of interest within the meaning of Rule 25(c) occurred

23  when the OTS declared IndyMac insolvent and appointed the FDIC as receiver for the failed

24  bank.  As a receiver, the FDIC succeeded to "all rights, titles, powers, and privileges" of

25  IndyMac pursuant to 12 U.S.C. § 1821(d)(2)(A).  *See Sharpe v. FDIC,* 126 F.3d 1147, 1152 (9th

26  Cir. 1997) (stating that "as receiver, the FDIC 'steps into the shoes' of the failed financial

27  institution").  The Court notes that other courts have granted a receiver's request for substitution

28  pursuant to Rule 25(c) under similar circumstances.  *See, e.g., FDIC v. Wrapwell Corp.,* 922

F.Supp. 913, 917 (S.D.N.Y. 1996) (concluding that Rule 25(c) allowed FDIC as receiver to substitute for plaintiff in underlying case); *First American Sav. Bank, F.S.B. v. Westside Federal Sav. & Loan Ass'n*, 639 F.Supp. 93, 96 (W.D. Wash. 1986) (concluding that receiver's substitution for failed financial institution was proper under Rule 25(c)); *see also In re Community Bank of Northern Virginia*, 418 F.3d 277, 293 n.6 (3rd Cir. 2005) (concluding that FDIC was properly substituted "as the true party in interest"); *Amerifirst Properties, Inc. v. FDIC*, 880 F.2d 821, 823 n.2 (5th Cir. 1989) (concluding that trial court properly granted FDIC's motion to substitute as party in interest following its appointment as receiver for insolvent bank). Accordingly, the Court finds that the FDIC as receiver for IndyMac is the true party in interest and should be substituted for IndyMac as a party in the instant action.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS the FDIC's Motion to Substitute in the instant action as receiver for IndyMac.[1]  The Court further orders that the future caption of all subsequent papers filed in this matter shall reflect the substitution as follows: "FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B."  This Order terminates Docket No. 14.

IT IS SO ORDERED.

---

[1]   FDIC has also filed a Request for Judicial Notice of the July 11, 2008 OTS Order appointing the FDIC as receiver of IndyMac and of the OTS Order dated March 19, 2009 appointing the FDIC as Receiver for IndyMac.  (Docket No. 15.)  A court may take judicial notice of facts not subject to reasonable dispute and either "generally known" in the court's territorial jurisdiction, or "capable of accurate and ready determination" by reference to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201.  The facts described in the documents are capable of accurate and ready determination by a source whose accuracy cannot be questioned.  See Salazar v. Trustee Corps, 2009 WL 690185, at 2 n.2 (S.D. Cal. March 12, 2009) (taking judicial notice of an OTS Order appointing the FDIC as Receiver). Additionally, a court can take judicial notice of matters of public records.  Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 1982);  see also Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir.2 004) (taking judicial notice of agreements to which the government was a party).  Orders entered by the OTS are public records and thus proper for judicial notice.  See Ibarra v. Loan City, 2010 WL 415284, at 3 (S.D. Cal. January 27, 2010) (taking judicial notice of an OTS Order).  Therefore, FDIC's Request for Judicial Notice is GRANTED.

1

2
Dated: 7/23/10

3
Honorable Saundra Brown Armstrong
UNITED STATES DISTRICT COURT JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ESPARZA et al,

         Plaintiff,

  v.

INDYMAC BANK, F.S.B. et al,

         Defendant.

_____/

                                Case Number: CV09-03891 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 26, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ramona Esparza

4898 Snowy Egret Way

Oakley, CA 94561

Dated: July 26, 2010                             Richard W. Wieking, Clerk

                                By: LISA R CLARK, Deputy Clerk