UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RAMONA ESPARZA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for INDYMAC BANK, F.S.B.,<br><br>　　　　　Defendant. | Case No: C 09-03891 SBA<br><br>**ORDER DISMISSING ACTION** |

On August 24, 2009, Plaintiff, who is proceeding pro se, commenced this action against Defendant IndyMac Bank, F.S.B. ("IndyMac"), alleging that Plaintiff was defrauded in connection with the financing of her home. On April 21, 2010, the Federal Deposit Insurance Corporation ("FDIC") filed a motion to substitute FDIC as receiver in place of IndyMac. Plaintiff failed to file an opposition or a statement of non-opposition to FDIC's motion. On July 26, 2010, the Court granted FDIC's motion.

On October 4, 2010, FDIC filed a Motion to Dismiss Claims for Lack of Subject Matter Jurisdiction, or in the Alternative, for Summary Judgment ("Motion to Dismiss"). Dkt. 24. The hearing on the Motion to Dismiss was initially scheduled for November 9, 2010, and was subsequently continued by the Court to December 14, 2010. Under Civil Local Rule 7-3(a), any opposition or statement of non-opposition by Plaintiff was due by November 23, 2010, which is twenty-one days prior to the December 14, 2010 hearing date.[1] To date, Plaintiff has not filed an opposition or a statement of non-opposition to the Motion to Dismiss. The Court's Standing Orders warn that "[t]he failure of the opposing party to file a memorandum of points

---

[1] Civil Local Rule 7-3(b) provides that "[i]f the party against whom the motion is directed does not oppose the motion, that party must file with the Court a Statement of Nonopposition within the time for filing and serving any opposition."

|   |   |
|---|---|
| 1 | and authorities in opposition to any motion shall constitute a consent to the granting of the |
| 2 | motion." |

and authorities in opposition to any motion shall constitute a consent to the granting of the motion."

The Ninth Circuit has held that the failure to file an opposition to a motion to dismiss is grounds for granting the motion. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995); see Fed.R.Civ.P. 41(b). In Ghazali, the court noted that in exercising its discretion to dismiss the action, the district court is "required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)); Fed. R. Civ. Proc. 41(b). Upon balancing the Ghazali factors under the facts of this case, the Court finds that dismissal is warranted.

The first and second factors both favor dismissal. In addition to failing to file an opposition to FDIC's Motion to Dismiss, Plaintiff failed to file an opposition or statement of non-opposition to FDIC's prior motion to substitute in place of IndyMac. Moreover, Plaintiff failed to file a Case Management Conference ("CMC") Statement in anticipation of the CMC that is scheduled for December 14, 2010. Indeed, Plaintiff has undertaken no action in this Court to prosecute this action since it was filed on August 24, 2009. Plaintiff's repeated failures to comport with Court's filing requirements undermine the Court's ability to move the case forward by entering a pretrial scheduling order or setting a trial date. Such non-compliance inherently delays resolution of the case and insures to the detriment of the public. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]"); Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket."). The first two Ghazali factors strongly support dismissal.

The third factor, the risk of prejudice to the Defendant, is related to the strength of the Plaintiff's excuse for the default. See Yourish, 191 F.3d at 991. Here, Plaintiff has offered no "excuse" for her conduct nor is any apparent from the record. As noted, Plaintiff failed to file a CMC Statement and has not otherwise attempted to contact the Court regarding her failure to do so or her failure to oppose the Motion to Dismiss. Plaintiff simply has failed to provide any reason whatsoever for her failure to comply with the Court's orders and none is apparent from the record. These facts also weigh strongly in favor of dismissal. See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d at 54.

The fourth factor, which favors disposition of cases on the merits, by definition, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

As to the final factor, the Court has already considered less drastic alternatives to dismissal. As noted, the Court's Standing Orders warn that as a consequence of a party's failure to oppose a motion, the Court will construe such inaction as a consent to the motion. "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety. Id. (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal). Accordingly,

IT IS HEREBY ORDERED THAT Defendant's unopposed Motion to Dismiss (Docket 24) is GRANTED. The Clerk shall close the file and terminate all pending matters and deadlines. The December 14, 2010 hearing on the Motion to Dismiss is VACATED.

IT IS SO ORDERED.

Dated: December 8, 2010

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ESPARZA et al,

      Plaintiff,

  v.

FEDERAL DEPOSIT INSURANCE
CORPORATION et al,

      Defendant.

/

Case Number: CV09-03891 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 8, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ramona Esparza
4898 Snowy Egret Way
Oakley, CA 94561

Dated: December 8, 2010

                                 Richard W. Wieking, Clerk
                                    By: LISA R CLARK, Deputy Clerk